**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DONALD OBRYON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RESURGENT CAPITAL SERVICES, LP, AND LVNV FUNDING, LLC,**<br><br>**Defendants.** | **C.A. No.:**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Donald Obryon, by and through the undersigned counsel, complains, states, alleges, and asserts against defendants Resurgent Capital Services, LP and LVNV Funding, LLC, as follows:

## INTRODUCTION

1. This is an action to recover damages negligence, substantially assisting violations of the Fair Debt Collection Practices Act and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2. In 1977, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 USC §§ 1692 *et seq.*, in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) and (c).

3. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.*, § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id.*, § 1692k.

4. In determining whether a collection letter violates the FDCPA, courts in the Third Circuit apply the "least sophisticated consumer standard." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). The standard is an objective one, meaning the specific consumer need not prove that [s]he was actually confused or misled. See *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) ("[T]he FDCPA does not require that a plaintiff actually be confused.").

5. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against a debt collector.

## JURISDICTION AND VENUE

6. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 15 U.S.C. § 1692k(d).

7. This court has jurisdiction over defendants Resurgent Capital Services, LP and LVNV Funding, LLC because defendants Resurgent Capital Services, LP and LVNV Funding, LLC regularly conduct and transact business in this Commonwealth, have sufficient minimum contacts in this Commonwealth and Judicial District, and part of the conduct complained of herein occurred in this Judicial District.

8. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a

defendants Resurgent Capital Services, LP and LVNV Funding, LLC reside in this Judicial District and a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

9. Plaintiff Donald Obryon ("Plaintiff") is a natural person who is a citizen of the Commonwealth of Pennsylvania, residing in Bangor, Northampton County, Pennsylvania.

10. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

11. Defendant Resurgent Capital Services, LP ("Resurgent") is a company existing under the laws of the State of South Carolina, with its principal place of business in Greenville, South Carolina, that engages in the business of debt collection and engages in the business of debt collection within this Judicial District.

12. Resurgent regularly collects or attempts to collect debts asserted to be owed to others.

13. Resurgent is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14. The principal purpose of Resurgent's business is the collection of such debts.

15. Resurgent uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

16. Resurgent is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. Defendant LVNV Funding, LLC ("LVNV") is a company existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware, that engages in the business of debt collection and engages in the business of debt collection within this Judicial District.

18. LVNV has transacted business within this state as is more fully set forth hereinafter

in this Complaint.

19. LVNV regularly collects or attempts to collect debts asserted to be owed to others.

20. LVNV is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

21. The principal purpose of LVNV's business is the collection of such debts.

22. LVNV uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

23. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

24. Resurgent and LVNV are hereinafter collectively referred to as the "Defendants."

## FACTUAL ALLEGATIONS

25. LVNV is one of the "Sherman Financial Group, LLC," companies, which is a self-labeled group of at least two dozen entities, all interrelated in a complex business structure focusing primarily on the purchase and collection of consumer debt[1].

26. LVNV alleges Plaintiff owes a debt to LVNV for a personal First National Bank Omaha ("FNBO") account.

27. Plaintiff retained counsel to assist Plaintiff with the FNBO debt.

28. On August 7, 2025, and September 8, 2025, Plaintiff's counsel notified FNBO of its representation of Plaintiff concerning the alleged debt and demanded that all further direct communications with Plaintiff concerning the alleged debt cease (the "Letters of Representation and C&D").

[1] Much of the information concerning the structure of the Resurgent Companies set forth herein is based upon public record, as well as an enforcement action brought by the Maryland Commissioner of Financial Regulation, and *LVNV Funding LLC v. Finch*, 463 Md. 586, 591, 207 A.3d 202, 205 (2019).

29. The Letters of Representation and C&D set forth Plaintiff's attorneys' name and address.

30. The Letters of Representation and C&D set forth Plaintiff's dispute of the alleged debt.

31. The Letters of Representation and C&D instructed FNBO to inform any downstream entities of the Letters of Representation and C&D.

32. FNBO acknowledged the Letters of Representation and C&D and began communicating with Plaintiff's attorneys.

33. FNBO stated, in part, that FNBO acknowledged Plaintiff's request to cease and desist from further communications and FNBO has stopped further communications.

34. Creditors, like FNBO, have a pattern and practice of transferring or assigning debts after receipt of notices of attorney representation, cease and desists demands, and/or disputes because FNBO renders the account uncollectible once a consumer retains an attorney or provides a cease and desist.

35. LVNV asserts FNBO transferred and/or assigned the alleged debt to LVNV for purposes of collection.

36. It is standard practice in the accounts receivable management industry, when debts are sold and/or assigned to downstream entities, including debt collectors, for such debts to be identified as subject to attorney representation letters and/or cease and desist letters.

37. It is standard practice in the accounts receivable management industry, when debts are transferred and/or assigned in bulk portfolios to downstream entities, including debt collectors, for such portfolios to be identified, either explicitly, or through an indicator in the portfolio's file name, that such accounts are subject to attorney representation letters and/or cease and desist

letters, such as “Cease and Desist Bulk,” “C&D-POA,” “CD-POA,” “CND,” “CAD,” “DSA,” “RBA,” or “DSC.” FNBO’s acknowledgement of the Letters of Representation and C&D and coding of the FNBO account to cease further communications confirms that the account would have been transferred and/or assigned as part of a cease and desist portfolio.

38. Further, it is in the interest of public policy when debts are transferred and/or assigned to downstream entities, including debt collectors, for all information to be transferred, including notices of representation and cease and desist demands.

39. LVNV was notified by FNBO of Plaintiff’s attorneys’ representation in the transfer file(s) or the transfer file name included a notation which informed LVNV that the portfolio was a portfolio of accounts of consumer who were represented by counsel.

40. LVNV was notified by FNBO of the Letters of Representation and C&D in the account level documentation, which included Plaintiff’s attorney’s name and address, as well as Plaintiff’s cease and desist demand.

41. LVNV was notified by FNBO of the cease and desist in the transfer file(s) or the transfer file name included a notation which informed LVNV that the portfolio was a portfolio of accounts that previously provided a cease and desist from further direct communication with the consumer.

42. LVNV asserts it is the current creditor of the alleged debt, therefore, LVNV would have received all material information and documentation regarding the account, including the Letters of Representation and C&D.

43. However, FNBO exercises control over LVNV and Resurgent related to the FNBO accounts transferred to LVNV. Examples include: requiring reporting to FNBO, auditing LVNV and Resurgent, setting policies and procedures related to FNBO accounts that LVNV and

Resurgent must adhere to, maintaining the right to recall FNBO accounts, and restricting sale and/or transfer of the FNBO accounts.

44. Thereafter, on an exact date known only to LVNV and Resurgent, the FNBO account was transferred, assigned, or otherwise placed with Resurgent for the purposes of collection on behalf of LVNV.

45. As part of its utilization of Resurgent, LVNV conveyed information concerning Plaintiff and the FNBO account to Resurgent by electronic means.

46. The information conveyed by LVNV to Resurgent, was viewed by employees of Resurgent in order for Resurgent to initiate a collection campaign of the alleged debt, contained Plaintiff's personal and private information including personal identifying data, such as Plaintiff's name, address, Social Security number, date of birth, information regarding the alleged debt, among other things.

47. Section 1692c(b) of the FDCPA provides "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

48. A third-party debt collector of a debt collector does not have a legitimate business need for Plaintiff's personal information or information affecting Plaintiff's reputation.

49. A third-party debt collector of a debt collector serves no administrative function.

50. A third-party debt collector of a debt collector only serves to create confusion to coerce consumers into paying alleged debts.

51. Plaintiff did not provide LVNV prior consent to communicate with Resurgent in

connection with the collection of the FNBO account.

52. Despite the Letters of Representation and C&D, in an attempt to collect the alleged debt, Resurgent initiated a collection campaign on behalf of LVNV and began communicating directly with Plaintiff. By way of example, Resurgent caused text messages to be sent directly to Plaintiff, including on June 29, 2026, July 3, 2026, July 7, 2026, and July 9, 2026 (the "Text Messages").

53. The Text Messages were received and read by Plaintiff.

54. Plaintiff's attorney did not consent to Defendants direct communication with Plaintiff.

55. Defendants did not send the Text Messages to Plaintiff's attorney.

56. Resurgent did not send any communications concerning the alleged debt to Plaintiff's attorney.

57. Resurgent did not attempt to communicate at all with Plaintiff's attorneys concerning the alleged debt before communicating with Plaintiff directly.

58. Resurgent and LVNV willfully violated Plaintiff's cease and desist when Resurgent communicated directly with Plaintiff.

59. Resurgent was notified of Plaintiff's attorneys' representation in the Letters of Representation and C&D when LVNV and/or Resurgent transferred, assigned, or otherwise placed the alleged debt for the purposes of collection.

60. Resurgent had actual notice of the Letters of Representation and C&D either from the placement file or through a client portal provided by LVNV and/or Resurgent to Resurgent, which contains account level documentation such as account statements for Plaintiff and notices of attorney representation, cease and desists letters, and dispute letters.

61. Defendants have a pattern and practice of communicating with consumers after receiving attorney representation letters and/or cease and desist letters.

62. Defendants have a pattern and practice of communicating with consumers after receiving notice of consumers' attorneys' representation.

63. Defendants have a pattern and practice of communicating with consumers after receiving notice of consumers' attorneys' information.

64. LVNV regularly transfers accounts of consumers who have previously provided a notice of attorney representation, cease and desist, and/or dispute to third-party debt collectors in an attempt to circumvent the protections of the FDCPA.

65. In support of the foregoing, and by way of example only, consumers in other lawsuits have alleged substantially the same conduct as alleged herein against LVNV:

- *Berrelleza v. LVNV Funding, LLC, et al.*, 2:26-cv-00168 (S.D. Tex.),
- *Villacres v. LVNV Funding, LLC, et al.*, 1:26-cv-24708-KMM (S.D. Fla.),
- *Noriega v. LVNV Funding, LLC, et al.*, 2:26-cv-7223-WLH-PVC (C.D. Ca.),
- *Martinez v. LVNV Funding, LLC, et al*., 1:24-cv-01228-JLT-CDB (E.D. Ca.),
- *Martinez, v. LVNV Funding, LLC, et al.*, 1:24-cv-01597-JLT-CDB (E.D. Ca.),
- *Alido v. LVNV Funding, LLC, et al*., 5:25-cv-00121-JGB-SHK (C.D. Ca.),
- *Floyd v. LVNV Funding, LLC,* 2:24-cv-00047-LGW-BWC (S.D. Ga.),
- *Morey v. LVNV Funding, LLC*, 1:23-cv-01462 (D. Del.),
- *Braden v. LVNV Funding*, LLC, 1:24-cv-00062 (D. Del.),
- *Rivera v. LVNV Funding*, LLC, 1:23-cv-01477 (D. Del.),
- *Robinson v. LVNV Funding, LLC*, 1:23-cv-01463 (D. Del.),
- *Verrett v. LVNV Funding, LLC*, et al., 1:24-cv-00893 (D. Del.),

- *White v. LVNV Funding, LLC*, 1:24-cv-00674 (D. Del.),
- *Krumm v. LVNV Funding, LLC*, 1:24-cv-00367 (D. Del.),
- *McElyea v. LVNV Funding*, LLC, 1:24-cv-00369 (D. Del.),
- *Speakman v. LVNV Funding, LLC*, 1:24-cv-00531 (D. Del.),
- *Pipe v. LVNV Funding, LLC*, 1:24-cv-00368 (D. Del.),
- *Dillon v. LVNV Funding, LLC, et al.*, 1:23-cv-00496 (D. Del.),
- *Bare v. LVNV Funding, LLC*, 1:23-CV-01461-RGA (D. Del.),
- *Carr v. LVNV Funding, LLC*, 1:23-cv-01476-UNA (D. Del.),
- *Coon v. LVNV Funding, LLC, et al.*, 1:23-cv-00608-GBW (D. Del.),
- *Miner v. LVNV Funding, LLC*, 1:24-cv-364-UNA (D. Del.),
- *Roe v. LVNV Funding, LLC*, 1:24-cv-00611-RGA (D. Del.),
- *Meyers v. LVNV Funding, LLC, et al.*, 4:23-cv-00833-RLW (E.D. Mo.),
- *Roe v. LVNV Funding, LLC, et al.*, 4:23-cv-00863-SRW (E.D. Mo.),
- *Zamora v. LVNV Funding, LLC, et al.*, 4:23-cv-00907-SPM (E.D. Mo.),
- *McCarthy v. LVNV Funding, LLC, et al.*, 4:23-cv-00905-SPM (E.D. Mo.),
- *Amy v. LVNV Funding, LLC, et al.*, 4:23-cv-00903-JMB (E.D. Mo.),
- *Vanourney v. LVNV Funding, LLC, et al.*, 4:23-cv-00902-HEA (E.D. Mo.),
- *Guyer v. LVNV Funding, LLC, et al.*, 4:23-cv-00906-AGF (E.D. Mo.),
- *Whitham v. LVNV Funding, LLC, et al.*, 4:23-cv-00732-MTS (E.D. Mo.),
- *Verrett v. LVNV Funding, LLC, et al.*, 4:23-cv-00726-JMB (E.D. Mo.), and
- *Armenio v. LVNV Funding, LLC, et al.*, 4:23-cv-01639-HSG (N.D. Ca.).

66. Despite the foregoing, FNBO and other creditors continue to transfer accounts to LVNV for purposes of collection.

67. The Text Messages stated, or otherwise implied, that Plaintiff no longer owed money to FNBO but now owed money to LVNV.

68. However, Plaintiff was never involved in any transaction with LVNV and never entered into any contract with LVNV. Plaintiff was never indebted to LVNV. LVNV never extended credit to Plaintiff. LVNV does not possess competent proof that Plaintiff owes any money to LVNV. LVNV holds no legal right, title, or interest in any money owed by Plaintiff.

69. LVNV is liable for the actions and inactions of the debt collectors it retains.

70. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

71. Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

72. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of Defendants.

73. Plaintiff suffered injury-in-fact resulting from the invasion into Plaintiff's right to privacy.

74. Plaintiff suffered injury-in-fact resulting from invasion into Plaintiff's right to seclusion.

75. Plaintiff has suffered actual harm based on his emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

76. As a result of Defendants' conduct, Plaintiff suffered emotional distress that

developed into headaches.

77. As a result of Defendants' conduct, Plaintiff began to lose confidence in his attorneys because Plaintiff continued to be contacted directly after retaining his attorneys.

78. As a result of Defendants' conduct, Plaintiff suffered emotional distress that caused Plaintiff loss of sleep due to his fear and concern regarding his financial security, creditworthiness, and personal information being revealed to unauthorized parties.

79. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debt and other alleged debts.

80. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff further unwarranted economic harm.

81. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

82. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued.

83. Plaintiff has the right to be free from invasions into Plaintiff's privacy and intrusions upon Plaintiff's solitude and seclusion. Plaintiff has the right to be free from harassing, annoying, oppressive, and abusive conduct. Defendants infringed upon Plaintiff's rights, causing Plaintiff concern, worry, loss of time, emotional distress, and economic harm.

84. A favorable decision herein would serve to deter Defendants from further similar conduct.

## FIRST COUNT
## Violation of 15 U.S.C. §§ 1692c(b) and 1692f

85. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

86. The Plaintiff is a "consumer" as that term defined by the FDCPA.

87. Resurgent is a "debt collector" as that term is defined by the FDCPA.

88. LVNV is a "debt collector" as that term is defined by the FDCPA.

89. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

90. The Text Messages each are a "communication" as that term is defined by the FDCPA.

91. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

92. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

93. The third-party debt collector does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

94. LVNV's conveyance of Plaintiff's personal and private information to Resurgent is a "communication" as that term is defined by the FDCPA.

95. Plaintiff never consented to LVNV's communication with Resurgent concerning the alleged debt.

96. Plaintiff never consented to LVNV's communication with Resurgent concerning the alleged debt.

97. Plaintiff never consented to LVNV's communication with Resurgent concerning Plaintiff's personal and/or confidential information.

98. Plaintiff never consented to LVNV's communication with anyone concerning the alleged debt or concerning Plaintiff's personal and/or confidential information.

99. Upon information and belief, LVNV has utilized third-party debt collector for these purposes thousands of times.

100. LVNV utilizes third-party vendor debt collectors in this regard for the sole purpose of maximizing its profits.

101. LVNV utilizes third-party debt collectors without regard to the propriety and privacy of the information which it discloses to such third-party.

102. LVNV utilizes third-party debt collectors with reckless disregard for the harm to Plaintiff and other consumers that could result from LVNV's unauthorized disclosure of such private and sensitive information.

103. In fact, debt collectors have been the subject of data breaches, exposing consumer names, dates of birth, Social Security numbers, and account information.

104. Millions of consumers have been the victims of data breaches stemming from the reckless and unauthorized transferring and sharing of consumers' information by companies, including debt collectors.

105. FBCS, Inc. was one of the latest data breaches, exposing personal data of over 4 million consumers[2].

106. Prior to the data breach, LVNV and/or Resurgent transferred consumers' personal and private information to FBCS, Inc. in LVNV and/or Resurgent's use of FBCS, Inc. as a third-party debt collector.

[2] https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/186129d3-f965-48f0-a48d-fbdfc6b74b02.html

107. LVNV utilizes third-party debt collectors with reckless disregard for Plaintiff's right to privacy.

108. LVNV utilizes third-party debt collectors with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

109. LVNV violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged debt to Resurgent.

110. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

111. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

112. LVNV, a debt collector, disclosed Plaintiff's private and sensitive information to Resurgent, a third-party debt collector.

113. LVNV violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to Resurgent.

114. As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers. 15 U.S.C. § 1692(a)-(b).

115. Specifically, Congress sought to protect consumers from communications by debt collectors to third parties. See S. Rep. No. 95-382, at 4 (1977) reprinted in U.S.C.C.A.N. 1695, 1698.

116. As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

117. A violation of Section 1692c(b) is an invasion of privacy.

118. As described herein, LVNV violated Section 1692c(b).

119. As described herein, LVNV invaded Plaintiff's privacy.

120. A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

121. A violation of Section 1692c(b) is a public disclosure of private facts.

122. As described herein, LVNV violated Section 1692c(b).

123. As described herein, LVNV publicly disclosed Plaintiff's private facts.

124. For the foregoing reasons, LVNV violated 15 U.S.C. §§ 1692c(b) and 1692f, and is liable to Plaintiff therefor.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692c(a)(2) and 1692c(c)**

125. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

126. The Plaintiff is a "consumer" as that term defined by the FDCPA.

127. Resurgent is a "debt collector" as that term is defined by the FDCPA.

128. LVNV is a "debt collector" as that term is defined by the FDCPA.

129. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

130. The Text Messages each are a "communication" as that term is defined by the FDCPA.

131. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

132. 15 U.S.C. § 1692c(a)(2), titled "Communication with the Consumer Generally," prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless

the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

133. As described herein, Defendants violated 15 U.S.C. § 1692c(a)(2).

134. A violation of 15 U.S.C. § 1692c(a)(2) has a close relationship to an invasion of privacy.

135. A violation of Section 15 U.S.C. § 1692c(a)(2) is an invasion of privacy.

136. Defendants invaded Plaintiff's privacy.

137. 15 U.S.C. § 1692c(c), titled "Ceasing Communication," prohibits a debt collector, subject to certain exceptions not relevant here, from communicating with a consumer in connection with the collection of any debt "[i]f a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer."

138. 15 U.S.C. § 1692c(c) further states, "[i]f such notice from the consumer is made by mail, notification shall be complete upon receipt."

139. As described herein, Defendants violated 15 U.S.C. § 1692c(c).

140. A violation of 15 U.S.C. § 1692c(c) has a close relationship to an intrusion upon the rights to solitude and seclusion.

141. A violation of 15 U.S.C. § 1692c(c) is an intrusion upon the rights to solitude and seclusion.

142. Defendants intruded upon Plaintiff's rights to solitude and seclusion.

143. A violation of 15 U.S.C. § 1692c(c) also has a close relationship to interference with the attorney-client relationship.

144. A violation of Section 1692c(c) is an interference with the attorney-client relationship.

145. Defendants interfered with Plaintiff's and his attorney's attorney-client relationship.

146. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692c(a)(2) and 1692c(c) and are liable to Plaintiff therefor.

**THIRD COUNT**
**Violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(10), and 1692f**

147. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

148. The Plaintiff is a "consumer" as that term defined by the FDCPA.

149. Resurgent is a "debt collector" as that term is defined by the FDCPA.

150. LVNV is a "debt collector" as that term is defined by the FDCPA.

151. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

152. The Text Messages each are a "communication" as that term is defined by the FDCPA.

153. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

154. 15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in conduct the natural consequence of which is to harass, abuse, and/or oppress.

155. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

156. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

157. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

158. 15 U.S.C. § 1692f prohibits using unfair or unconscionable means to collect or

attempt to collect any debt.

159. As stated in the Complaint, Plaintiff did not owe any money to LVNV.

160. Defendants violated the FDCPA by claiming Plaintiff owed money to LVNV.

161. Defendants violated the FDCPA by attempting to coerce Plaintiff into paying LVNV.

162. Defendants violated the FDCPA by engaging in conduct the natural consequence of which was to harass, abuse, and/or oppress, when Defendants sent Plaintiff the Text Messages.

163. For the foregoing reasons, LVNV, Resurgent, and Shepherd violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(10), and 1692f, and are liable to Plaintiff therefor.

## JURY DEMAND

164. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

a. Finding Resurgent's actions violate the FDCPA; and

b. Finding LVNV's actions violate the FDCPA; and

c. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

d. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

e. Awarding the costs of this action to Plaintiff; and

f. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

g. Such other and further relief that the Court determines is just and proper.

Dated: September 23, 2026

Respectfully submitted,

**Garibian Law Offices, P.C.**

*/s/ Antranig Garibian*
By: Antranig Garibian, Esq. (PA Bar No. 94538)
261 Old York Road, Unit 427
Jenkintown, PA 19046
ag@garibianlaw.com
*Attorneys for Plaintiff*